UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD E. DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-2506-CM |
| | ) |
| BANK OF AMERICA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendant Bank of America ("BANA")[1] has filed a motion to quash a subpoena served by plaintiff Ronald Davis, proceeding pro se, on BANA's counsel commanding the production of the check plaintiff issued to this court to pay his filing fee and requesting the name and contact information of BANA's liability insurer (ECF doc. 16). BANA argues the subpoena is procedurally defective and premature. The court agrees and grants the motion to quash.

First, BANA correctly notes that under Fed. R. Civ. P. 45(a)(3), subpoenas may only be issued by the Clerk of Court or by an attorney authorized to practice in this court. "A pro se litigant who is not a licensed attorney with the appropriate federal district court has no power to issue subpoenas."[2] The subpoena served by plaintiff was not signed by the Clerk of Court or an attorney.[3] It is therefore invalid.[4]

---

[1] Defendant states that its legal name is Bank of America, N.A.
[2] *United States v. Meredith*, 182 F.3d 934 (table), 1999 WL 381128, at *1 (10th Cir. 1999).
[3] ECF doc. 17-1.

1

Second, BANA correctly notes that under Fed. R. Civ. P. 26(d)(1), the general rule is that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." The parties have not yet met to conduct a discovery planning conference under Rule 26(f). Accordingly, plaintiff's service of the subpoena was premature.

The court understands that plaintiff is anxious to move forward with discovery in this case. Fed. R. Civ. P. 26(d)(2), which was added to the federal rules in 2015, may interest him. Rule 26(d)(2) provides an exception to Rule 26(d)(1)'s timing constraints. It permits a party to serve on another party a request for production of documents under Fed. R. Civ. P. 34, after 21 days have passed since the service of the complaint and summons on the other party.[5] The document request will then be deemed served when the parties have their first Rule 26(f) planning conference.[6] Thus, were plaintiff now to serve a Rule 34 document request on BANA (instead of a subpoena), BANA would not be required to serve any response to the document request, or produce any documents, until 30 days after the parties conduct their Rule 26(f) planning conference. Therefore, the court observes it probably would be more practical for plaintiff to wait, as difficult as that may be, until a Rule 26(f) conference is held and informally provide BANA's counsel a list of requested documents at that time. If BANA's counsel declines to agree

---

[4] *Meredith,* 1999 WL 381128, at *1.
[5] Fed. R. Civ. P. 26(d)(2)(A).
[6] *Id.* at (d)(2)(B).

to produce the documents, then plaintiff could proceed to serve a formal Rule 34 request for production.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this order, he may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion for review of this order.  Plaintiff must file any objections within the 14-day period if he wants to have appellate review of this order.  If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS SO ORDERED.

Dated August 24, 2016, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge