IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD E. DAVIS,<br><br>       Plaintiff,<br><br>       v.<br><br>BANK OF AMERICA, FRANCHISE TAX BOARD, BANK OF AMERICA NATIONAL BOARD OF DIRECTORS, BANK OF AMERICA LIABILITY INSURER,<br><br>       Defendants. | Case No. 16-2506-CM |

## MEMORANDUM & ORDER

This matter comes before the court on pro se plaintiff Ronald Davis's Motion for Court to Recues [sic] (Doc. 11); Motion for Court to Recues [sic] (Doc. 12); and Motion to Show Cause Request for Hearing and Request by Plaintiff to Forgo Preliminary Mandates of Rule Due to Plaintiff Perception of Hostile Court Environment by Defendant Council [sic], and Defendant, to Pro Se Privilege. Request to Severance from Defendant and Proceed Directly to Court with Individual Merits (Doc. 13).  The court construes the above motions as requests for the court to recuse from the case because plaintiff believes defense counsel and the court are conspiring to deprive him of discovery under Rule 26 of the Federal Rules of Civil Procedure.  Plaintiff also requests leave to amend his complaint to "reflect that Bank of America has hired a Strong Arm Defense Attorney to perform in a manor [sic] as to established [sic] contempt of Rule 26 and the Duties of an Officer of the Court . . ." (Doc. 11 at 2).  For the following reasons, the court denies the motions.

28 U.S.C. § 455 sets forth specific disqualifying factors to consider when deciding whether a judge should recuse himself from a proceeding.  Plaintiff does cite any specific statutory provisions under which the court should recuse, but instead claims defense counsel and the court are "connected"

-1-

and may be "college buddy [sic], or associated in such as holding Bank of America Stock or other." (Doc. 11 at 1.)  Under 28 U.S.C. § 455(a) a judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  18 U.S.C. § 455(b) sets out more specific reasons a judge must recuse himself.  Under 18 U.S.C. § 455(b)(4), a judge must recuse himself if "he knows that he, individually or as a fiduciary . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."  Under 18 U.S.C. § 455(b)(5)(ii) a judge must recuse if "he or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person: is acting as a lawyer in the proceeding."

A trial judge has the duty to recuse himself "when there is the appearance of bias, regardless of or whether there is actual bias." *Bryce v. Episcopal Church in the Diocese of Colo.*, 389 F.3d 648, 659, (10th Cir. 2002).  A judge, however, also has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.*  Further, 18 U.S.C. § 455 should not be interpreted so broadly "as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Id.* at 659–60.

Here, plaintiff based his motion for recusal on unsubstantiated suggestions of personal bias or prejudice.  Plaintiff included no evidence of bias against any judge nor has he shown that any judge has any relationships that might inhibit the ability to fairly adjudicate the case at hand.  Plaintiff merely suggests that the court could possibly have some connection with defense counsel or some financial stake in Bank of America.  This alone is not enough to establish a legitimate question as to impartiality.  Further, there is no evidence that the court or defense counsel is intentionally depriving plaintiff of his rights to discovery under Rule 26.  This case is in the early stages of litigation and no

-2-

discovery deadlines have been set by the court.  For these reasons, plaintiff's motions to recuse are denied.

Within his motions, plaintiff also requests leave to amend his complaint to add language that Bank of America's attorney is violating his civil rights by obstructing his right to discover under Rule 26.  Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely grant leave to parties to amend pleadings "when justice so requires."  Fed R. Civ. P. 15(a)(2).  Rule 15.1 of the local rules, however, requires a party filing a motion to amend to:

1) Set forth a concise statement of the amendment or leave sought

2) Attach the proposed pleading or other document; and

3) Comply with the other requirements of D. Kan. Rule 7.1 through 7.6

Plaintiff has not complied with the local rules in regards to his request to amend his original complaint.  The court understands that plaintiff's pro se pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  And while some allowances are made for pro se parties, they must still follow the same rules of procedure that govern other litigants.  *See id*.  The court therefore will not consider plaintiff's request to amend his original complaint until he complies with the local rule requirements.

**IT IS THERFORE ORDERED** that plaintiff's Motion for Court to Recues [sic] (Doc. 11); Motion for Court to Recues [sic] (Doc. 12); and Motion to Show Cause Request for Hearing and Request by Plaintiff to Forgo Preliminary Mandates of Rule Due to Plaintiff Perception of Hostile Court Environment by Defendant Council [sic], and Defendant, to Pro Se Privilege. Request to Severance from Defendant and Proceed Directly to Court with Individual Merits (Doc. 13) are denied.

Dated November 22, 2016, at Kansas City, Kansas.

        s/ Carlos Murguia
        **CARLOS MURGUIA**
        **United States District Judge**