IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD E. DAVIS,<br><br>      **Plaintiff,**<br><br>      v.<br><br>BANK OF AMERICA, FRANCHISE TAX BOARD, BANK OF AMERICA NATIONAL BOARD OF DIRECTORS, BANK OF AMERICA LIABILITY INSURER,<br><br>      **Defendants.** | Case No. 16-2506-CM |

## MEMORANDUM & ORDER

Pro se plaintiff Ronald E. Davis has brought this case alleging he was wrongfully taxed $719.87 by the State of California. After the tax was deducted from his Bank of America bank account, plaintiff filed this suit alleging violations of numerous federal and state statutes. Specifically, plaintiff lists his cause of action as one under 28 U.S.C. § 1343, which grants the federal district courts jurisdiction to hear civil rights cases. Plaintiff also argues defendants committed intentional torts and were negligent, although he does not plead specific facts as to how defendants are liable for torts. This matter is presently before the court on defendant Franchise Tax Board's Motion for Relief from Default (Doc. 30) and Motion to Dismiss (Doc. 31). Franchise Tax Board asks this court to set aside the Clerk's Entry of Default entered against it on August 16, 2016. (Doc. 30.) It also moves for dismissal of plaintiff's claims, arguing it is immune under the Eleventh Amendment to the United States Constitution and that plaintiff's suit is barred by the principle of comity. (Doc. 31). For the following reasons, the court finds good cause to set aside the default and dismiss plaintiff's claims.

**I.   Entry of Default**

-1-

Franchise Tax Board first moves the court to set aside the Clerk's Entry of Default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The Clerk entered default against Franchise Tax Board on April 16, 2016 because it "failed to appear, plead, or otherwise defend" against plaintiff's claims. (Doc. 10.) Franchise Tax Board now moves to set aside the Clerk's Entry of Default, arguing it was not properly served and that good cause exists because it has a valid defense to plaintiff's claims.

Rule 55(c) allows a court to aside an entry of default "for good cause. . . ." The good cause requirement is a "lesser standard for the defaulting party than the excusable negligence which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997)). The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant; (2) whether the plaintiff would be prejudiced if the default should be set aside; and (3) whether the defendant presents a meritorious defense. *Id.* (citing *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)). The court may consider other factors as well. *Guttman v. Silverberg*, 167 F. App'x. 1, 4 (10th Cir. 2005).

It is within the court's discretion whether to set aside a default entry; however, "the preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Here, regardless of the service of process issue, the court finds there is good cause to set aside the Clerk's Entry of Default because the Franchise Tax Board has presented a meritorious defense—that the suit against them is barred by sovereign immunity and the principle of comity. *See Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (noting defendants had

shown good cause to set aside the entry of default because they had a meritorious defense—qualified immunity.)

The court therefore grants the Franchise Tax Board's Motion for Relief from Default.

## II.     Motion to Dismiss

The Franchise Tax Board also moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing it is immune from suit under Eleventh Amendment sovereign immunity and based on the principle of comity.

When deciding whether to dismiss a complaint under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court must liberally construe a pro se complaint and apply "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  A court may not, however, supply "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

It is unclear exactly what cause of action plaintiff seeks against the Franchise Tax Board.  In his amended complaint, plaintiff lists his "Cause of Plaintiffs Action" as:

> The Plaintiff protects and defend [sic] his Civil rights under 28 U.S.C. 1343, and he is not subject to California tax, intimidation, fraud, misrepresentation by any.  (Doc. 23 at 4.)

Plaintiff continues on to cite a wide array of federal and state civil statutes as well as criminal statutes that do not provide civil remedies.  The listed statute in his "cause of action"—28 U.S.C. § 1343—is a jurisdictional statute that grants district courts jurisdiction over civil rights cases.  Read liberally, plaintiff makes claims for the deprivation of his property via the garnishment of taxes from

his Bank of America bank account and accuses defendants of fraud and negligence. Based on plaintiff's factual allegations, the court will liberally interpret this case as a claim for deprivation of rights under 42 U.S.C. § 1983 and one for intentional tort and negligence.

The Franchise Tax Board first argues the court should dismiss the case because it is immune from suit under Eleventh Amendment sovereign immunity. Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). The Eleventh Amendment, however, is not an absolute bar, as a state may consent to suit in federal court. *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990). Waiver of sovereign immunity is found only "where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman*, 415 U.S. at 673.

The Franchise Tax Board argues that, as a branch of the State of California, it is immune under the Eleventh Amendment because there is no waiver of sovereign immunity for suits under 28 U.S.C. § 1343—the statute listed as plaintiff's cause of action.

The court accepts the Franchise Tax Board's assertion it is a state agency and therefore a part of the State of California. *See* Cal. Gov't Code § 15700 ("There is in the state government, in the Operations Agency, a Franchise Tax Board. . . ."). As a branch of the State of California, the Franchise Tax Board is immune from suit unless Congress or the State unequivocally waives that immunity. And while the Franchise Tax Board may be immune under 28 U.S.C. § 1343, the court has interpreted plaintiff's claim to be one under 42 U.S.C. § 1983—as § 1343 is purely a jurisdictional statute. Under § 1983:

> "Every person who . . . causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges, or immunities secured by the Constitution and laws. . . ."

The United States Supreme Court has held that a State is not a person within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). The court therefore dismisses any claims against the Franchise Tax Board for deprivation of rights under 42 U.S.C. § 1983.

Plaintiff also mentions in his amended complaint claims for intentional torts and negligence. The Franchise Tax Board does not address specifically why any tort claims should be dismissed but argues plaintiff's suit is barred by the principle of comity. The court agrees.

Comity is a prudential doctrine that "counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421, 432 (2010). The doctrine reflects "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways." *Id.* at 421. The United States Supreme Court applied the principle of comity to find that taxpayers are barred from asserting § 1983 actions against the validity of state tax systems in federal court. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981). The Court found taxpayers must seek protection of their rights by first pursing state remedies, "provided of course that those remedies are plain, adequate, and complete." *Id.* Plaintiff's tort claims or any remaining claims deriving from the disputed tax assessment by the Franchise Tax Board would be more appropriately brought in a California state court. As no one has argued California's tax dispute procedures are not "plain, adequate, and complete," the court will not address the issue and instead grants the Franchise Tax Board's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant Franchise Tax Board's Motion for Relief from Default (Doc. 30) and Motion to Dismiss (Doc. 31) are granted.

Dated December 23, 2016, at Kansas City, Kansas.

                                                                  s/ Carlos Murguia
                                                                  **CARLOS MURGUIA**
                                                                  **United States District Judge**