**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RONALD E. DAVIS,**

    **Plaintiff,**

    **v.**

**BANK OF AMERICA, et al.,**

    **Defendants.**

Case No. 16-2506-CM

## **MEMORANDUM & ORDER**

This matter comes before the court on pro se plaintiff Ronald E. Davis's Motion for Review of Order (Doc. 42). Plaintiff seeks review of this court's order setting aside default and granting defendant Franchise Tax Board's motion to dismiss. (Doc. 41.) The court will interpret plaintiff's motion as one to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Because plaintiff has not provided any grounds for reconsideration of the court's order, his motion is denied.

A motion for reconsideration—which is not recognized by the Federal Rules of Civil Procedure—may be construed as a motion to alter or amend the judgment under Rule 59(e) if filed within 28 days after the entry of judgment. *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Relief under Rule 59(e) is available only if a party can establish (1) there is an intervening change in controlling law, (2) there is new evidence that was previously unavailable, or (3) there is a need to correct clear error or prevent manifest injustice. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). A motion to alter or amend judgment is appropriate where the "court has misapprehended the facts, a party's position, or the controlling law." *Servants of*

*Paraclete v. Does*, 204 F. 3d 1005, 1012 (10th Cir. 2000). It should not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff's motion largely consists of arguments raised in prior pleadings, so he has not established he is entitled to Rule 59(e) relief. He has not shown there is any new law, new evidence, or that the court has made a clear error. He argues that defendant is not entitled to sovereign immunity and there is no good cause for setting aside the clerk's entry of default, all arguments raised in his responses to defendant's motion for relief from judgment and motion to dismiss.

Because plaintiff is proceeding pro se, the court will liberally interpret his motion and presume he seeks relief based on an error of law. He argues there was no good cause to set aside the clerk's entry of default because defendant's listed affirmative defenses were meritless. Although he has already argued these claims in a prior pleading, the court will briefly address them below.

Based on the accusations in the amended complaint and various other pleadings, the court notes that plaintiff has claimed that defendants fraudulently garnished funds from his Bank of America account under the false allegation he owed taxes in California. He maintains that his civil rights have been deprived and that he is a victim of intentional torts and negligence. He believes there is no sovereign immunity when a state is in violation of the constitution and that sovereign immunity is waived under 42 U.S.C. 2000d-7 and *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976).

Plaintiff, however, has misinterpreted both 42 U.S.C. 2000d-7 and the Supreme Court's ruling in *Fitzpatrick*. 42 U.S.C. 2000d-7 waives state sovereign immunity in cases involving violations of certain federal anti-discrimination laws. Plaintiff has not brought a claim under any of these statutes. Further, in *Fitzpatrick*, the Supreme Court held that Congress has the power to provide for private suits against states that may otherwise be unconstitutional under the Eleventh Amendment. 427 U.S. at 456.

Again, plaintiff has not specified which federal laws make his claim is actionable. None of the various statutes plaintiff lists in his amended complaint provide a private cause of action.

As for plaintiff's tort claims, the court again finds no error in holding that the principle of comity bars his suit as currently pled. While the court recognizes plaintiff does not believe this to be a tax case, the court again notes that any disputes with a tax assessment, including whether the tax should have been assessed in the first place, should first be resolved using California tax dispute procedures. Plaintiff continues to argue he is the victim of fraud and negligence. But neither California nor Kansas has waived immunity for public entities for injuries that may have occurred as a result of tax collection. *See* Cal. Gov't Code § 860.2 ("Neither a public entity nor a public employee is liable for an injury caused by: (a) Instituting any judicial or administrative proceeding or action for or incidental to the assessment or collection of a tax. (b) An act or omission in the interpretation or application of any law relating to a tax."); Kan. Stat. Ann. § 75-6104(f) ("A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from: (f) the assessment or collection of taxes or special assessments.").

Additionally, the court interprets plaintiff's Motion for Clarity of Plaintiffs Motion for Review of Court Order to Dismiss Case 16-2506 Answer to Defendant California Franchise Tax Board (Doc. 44) as a reply to Franchise Tax Board's response to his original motion for reconsideration. No separate action on this filing is necessary.

**IT IS THEREFORE ORDERED** that plaintiff Ronald E. Davis's Motion for Review of Order (Doc. 42) is denied.

**IT IS FURTHER ORDERED** that plaintiff Ronald E. Davis's Motion for Clarity of Plaintiffs Motion for Review of Court Order to Dismiss Case 16-2506 Answer to Defendant California Franchise Tax Board (Doc. 44) is dismissed.

Dated May 31, 2017, at Kansas City, Kansas.

                                              s/ Carlos Murguia
                                              **CARLOS MURGUIA**
                                              **United States District Judge**