IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD E. DAVIS,

    **Plaintiff,**

    v.

BANK OF AMERICA, et al.,

    **Defendants.**

Case No. 16-2506-CM

## MEMORANDUM & ORDER

This matter comes before the court on pro se plaintiff Ronald E. Davis's Motion By Plaintiff to Waiver Court Rule 16.2 And Proceed With FRCP 56 Summary Judgment (Doc. 45) and defendant Bank of America, N.A.'s ("BANA") Motion for Summary Judgment (Doc. 50).

At the outset, the court notes that plaintiff's motion for summary judgment against defendant Franchise Tax Board is moot as the Franchise Tax Board was dismissed from the case. (Doc. 41). The court denied plaintiff's motion to reconsider the dismissal of the Franchise Tax Board (Doc. 63), and therefore, the Franchise Tax Board is no longer a party to the case. The court will only consider this motion as to defendant BANA.

The remaining defendant, BANA, filed a competing summary judgment motion, arguing it is entitled to judgment as a matter of law based on the undisputed evidence it submitted with its motion.

### I. Background

Plaintiff filed this case alleging, generally, his federal civil rights were violated and that he was a victim of fraud after BANA garnished $719.87 from his bank account. According to BANA, plaintiff opened a checking account with the bank in 2004 and signed the requisite form agreeing to be bound by the Deposit Agreement and Disclosures. This agreement explicitly states that BANA may

"hold and turn over funds or other property . . . as directed by the legal process." (Doc. 49-1, at 28.) On July 5, 2016, the Franchise Tax Board issued an "Order to Withhold Personal Income Tax" directing BANA to withhold $719.87 from plaintiff's account. In response, BANA withdrew the funds from plaintiff's account and assessed a legal process fee of $125. Plaintiff contacted BANA regarding the fund withdrawal and threatened legal action. BANA responded and explained that it was required to comply with the order from the Franchise Tax Board. On July 18, 2016, the Franchise Tax Board issued a "Withdrawal of a Withholding Order" which withdrew the prior withholding order. BANA claims it then released the $719.87 into plaintiff's account.

Plaintiff sued the Franchise Tax Board and BANA, arguing the garnishment was a violation of his constitutional rights and that both defendants had committed fraud. He claims he had not lived in California for more than 20 years and therefore the tax assessment was fraudulent in violation of various federal and state statutes and regulations, both civil and criminal. Plaintiff maintains the case is not about the tax assessment; rather, it is an action for theft and fraud.

## II. Legal Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" factual dispute requires more than a mere scintilla of evidence. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In making the summary judgment determination, the court must view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986)). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 252.

**III.    Analysis**

First, the court notes that plaintiff's summary judgment motion does not comply with D. Kan. Rule 56.1(a), as he failed to submit a "concise statement of material facts" which are "numbered and [] refer with particularity to those portions of the record upon which the movant relies." Although plaintiff is proceeding pro se, he still has an obligation to comply with the Local Rules. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting that pro se parties must follow the same rules of procedure that govern other litigants).

Further, plaintiff failed to lay out a coherent motion for summary judgment; instead he outlined 39 alleged "violations and infractions" that amount to mere conclusory arguments unsupported by evidence. As noted above, plaintiff, as the moving party, bears the burden of showing that, based on the evidence in the record, there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. In simply reciting conclusory arguments unsupported by any evidence, plaintiff has not met his burden.

Additionally, plaintiff has failed to state a claim for relief. While plaintiff may have generally asserted claims for fraud, theft, and violation of his civil rights, he has not pled any facts or provided any evidence that would amount to a cause of action under the law or establish the elements of a tort. Again, while the court acknowledges plaintiff's pro se status, it is not the "function of the district court to assume the role of advocate for the pro se litigant." *Id.* (noting, "although we make some allowances for the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.").

Because plaintiff has not met his burden to show he is entitled to summary judgment, the court denies his motion.

BANA filed a competing motion for summary judgment, arguing that it is entitled to judgment as a matter of law based on the undisputed evidence submitted along with its motion. BANA claims that it received a withholding order from the Franchise Tax Board directing it to withhold $719.87 from plaintiff's account. BANA complied with the order as provided in the agreement plaintiff signed when he opened the account. Under the agreement, BANA had the contractual right to withdraw the funds from plaintiffs account and to charge a legal process fee. BANA eventually released the $719.87 back into plaintiffs account after the Franchise Tax Board withdrew the withholding order.

BANA's account of the facts is supported by evidence provided in the form of an affidavit submitted by a BANA litigation specialist, as well as a copy of the agreement plaintiff signed, and the corresponding Deposit Agreement and Disclosures. These disclosures establish that BANA had a contractual right to comply with the Franchise Tax Board's withholding order. BANA also provided the withholding order and the withdrawal of the withholding order. This undisputed evidence establishes BANA acted within the bounds of the contract signed by plaintiff, and owes no duty to plaintiff for the $719.87 garnishment—which the court would also note was eventually returned to plaintiff's account.

For these reasons, the court finds BANA is entitled to summary judgment and grants BANA's motion.

Plaintiff has also moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure. In reviewing the motion, the court finds no good reason to impose Rule 11 sanctions on BANA's counsel. Plaintiff's motion is therefore denied.

**IT IS THEREFORE ORDERED** that plaintiff Ronald E. Davis's Motion By Plaintiff to Waiver Court Rule 16.2 And Proceed With FRCP 56 Summary Judgment (Doc. 45) is denied.

**IT IS FURTHER ORDERED** that defendant BANA's Motion for Summary Judgment (Doc. 50) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Sanction Action Under Provision of FRCP 11(C), FRCP 11(c)(1)(A), FRCP 11(c)(1)(A) Bad Faith Charge By Plaintiff (Doc. 60) is denied.

This case is closed.

Dated May 31, 2017, at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**