# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RONALD E. DAVIS,**

    **Plaintiff,**

    **v.**                                     **Case No. 16-2506-CM**

**BANK OF AMERICA, et al.,**

    **Defendants.**

## MEMORANDUM & ORDER

This matter comes before the court on pro se plaintiff Ronald E. Davis's Motion for Relief from Judgment or Order (Doc. 66), Motion for Relief from a Judgment or Order (Doc. 67) and Motion for Disqualification of Justice, Judge, or Magistrate Judge (Doc. 68). Plaintiff seeks review of this court's order denying his motion for summary judgment and granting defendant Bank of America, N.A.'s ("BANA") motion for summary judgment (Doc. 64). Plaintiff also seeks review of this court's order denying his motion for reconsideration of this court's dismissal of defendant California Franchise Tax Board (Doc. 63). Plaintiff further requests this court disqualify itself from the case, arguing the court unfairly favored the defendants. For the following reasons, plaintiff's motions are denied.

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court has the discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding . . . ." Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). These "exceptional circumstances" are specifically enumerated in Rule 60(b):

    (1) mistake, inadvertence, surprise, or excusable neglect;

-1-

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

A Rule 60(b) motion is "not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter v. Wefald*, 885 F. Supp. 1445, 1450 (D. Kan. 1995) (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Plaintiff seeks Rule 60(b) relief first on the court's order denying his motion for summary judgment and granting BANA's motion for summary judgment. Plaintiff argues he is entitled to relief under Rule 60(b)(1), (3), (4), and (6). Plaintiff filed a lengthy pleading, which the court will liberally interpret, fulling recognizing his pro se status.

In Doc. 64, the court denied plaintiff's motion for summary judgment, finding plaintiff failed to state a claim for relief or provide any evidence that would amount to a cause of action or establish the elements of a tort. The court acknowledges that plaintiff, in his various pleadings, accused defendants of unlawfully garnishing wages from his bank account. Plaintiff has repeatedly reiterated that his case is not a tax case and instead is a claim for constitutional violations, fraud, theft, and negligence. Plaintiff has also cited a great deal of case law and statutory law, most of which, however, is irrelevant to his legal claims. At the summary judgment stage, plaintiff must plead all of the legal elements of his claims and have evidentiary support for these elements. Only if the evidence shows there are no issues of material fact and that plaintiff is entitled to the relief he has pled will the court grant summary judgment in his favor. The plaintiff failed to carry his burden in establishing he is entitled to summary

judgment. Plaintiff provided no evidence, beyond conclusory statements, to support his claims. The court finds no reason to set aside its decision to deny plaintiff's summary judgment motion.

Also in Doc. 64, the court granted BANA's motion for summary judgment because the undisputed evidence established it did not act improperly when it complied with the withholding order it received from the California Franchise Tax Board. In his Rule 60(b) motion, plaintiff argues this order is void because it is fraudulent and because the court lacked subject matter jurisdiction to consider anything that occurred after the funds were garnished from his bank account. Plaintiff claims that once the funds were removed from his account, the unlawful activity had occurred and liability was established. He argues the court cannot consider that the funds were eventually refunded to his account because defendants did not plead an affirmative defense of refund.

The court summarizes plaintiff's arguments only to demonstrate that it has read and is attempting to interpret his pleadings. Nothing, however, that he has argued establishes that he is entitled to relief under Rule 60(b). Plaintiff's motion consists mainly of arguments raised in prior pleadings. He has not shown there are any exceptional circumstances that would justify this court setting aside its order. As mentioned above, a Rule 60(b) motion is not an opportunity to relitigate the issues underlying plaintiff's claim, and plaintiff's motion is largely an attempt to reargue why he believes he should prevail. Plaintiff does claim, under Rule 60(b)(3) and (4), that this court's order is void because it is fraudulent and because the court lacks subject matter jurisdiction. Plaintiff's allegations, however, are misguided. The court already determined it had subject matter jurisdiction over the case on the basis of diversity jurisdiction. *See* 28 U.S.C. §1332. Further, plaintiff provided no convincing evidence that any party in this case—the court or opposing counsel—committed any fraud whatsoever. Plaintiff has not established any exceptional circumstances to entitle him to Rule 60(b) relief, and the court therefore denies his motion.

The court also denies plaintiff's Rule 60(b) motion in regard to Doc. 63. In Doc. 63, the court denied plaintiff's motion to alter or amend judgment under Rule 59(e). Plaintiff challenged the court's decision to grant defendant California Franchise Tax Board's motion to dismiss (Doc. 41). Plaintiff has not offered any new arguments that would necessitate this court reversing its prior decisions. The court would note that it will not consider any future motions to review this order. *See Nutter*, 885 F. Supp. at 1451 ("A litigant can abuse the privilege of proceeding in forma pauperis and the privilege of leniency afforded pro se litigants. An example of such abuse is when the claims arising from a particular event are finally resolved but the pro se litigant continues to raise them in related proceedings or other litigation. To curb such abuses, courts will resort to filing restrictions.") (citations omitted). Although the court does not yet impose filing restrictions on plaintiff, plaintiff is advised that additional motions regarding Doc. 63 will be summarily denied.

The court equally finds no merit in plaintiff's Motion for Disqualification of Justice, Judge, or Magistrate Judge (Doc. 68). Plaintiff asks for disqualification of the court because he alleges the court favors the defendants and that the court is "at war with the constitution, thus committed treason in representation of the plaintiffs grievance in case 16-2506." (Doc. 68, at 5.) This is at least the second time plaintiff has asked for the court to recuse itself. The court finds no reason why recusal is necessary as a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce v. Episcopal Church in the Diocese of Colo.*, 389 F.3d 648, 659, (10th Cir. 2002). Plaintiff's motion is therefore denied.

**IT IS THEREFORE ORDERED** that plaintiff Ronald E. Davis's Motion for Relief from Judgment or Order (Doc. 66), Motion for Relief from a Judgment or Order (Doc. 67) and Motion for Disqualification of Justice, Judge, or Magistrate Judge (Doc. 68) are denied.

Dated November 2, 2017, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**